UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Securities and Exchange Commission,

    Plaintiff,

—v—

Abraaj Investment Management Limited and Arif Naqvi,

    Defendants.

19-CV-3244 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

The Securities and Exchange Commission ("SEC") brings this action against Abraaj Investment Management Limited ("Abraaj") and Arif Naqvi ("Naqvi") alleging civil violations of the Investment Advisers Act of 1940. Dkt. No. 1. Now before the Court is the Government's motion to intervene and fully stay this civil action until the resolution of a parallel criminal case. *See* Dkt. No. 31. For the reasons articulated below, the Government's motion is GRANTED.

## I. BACKGROUND

On April 2, 2019, a grand jury sitting in the Southern District of New York returned an indictment charging Defendant Arif Naqvi with securities and wire fraud. *See United States v. Arif Naqvi*, 19-cr-233 (LAK). Eight days later, Naqvi was arrested in London pursuant to a U.S. provisional arrest request. He is presently contesting his extradition to the United States. On April 11, 2019, the SEC filed this action against Naqvi and the company he founded, Abraaj. It concerns a particular subset of the alleged criminal conduct charged in the indictment. The Government subsequently moved to intervene and stay this action, pending resolution of the criminal case. Naqvi opposes the stay, although the SEC and Abraaj do not.

1

## II. MOTION TO INTERVENE

Under Federal Rule of Civil Procedure 24(a), the court must allow a party to intervene if it "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest. . . ." Fed. R. Civ. P. 24(a)(2). Naqvi does not articulate any objection to this portion of the Government's request, and the Government's motion to intervene is granted. *See S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) ("The government had a discernible interest in intervening . . . to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter.").

## III. MOTION TO STAY

The Government raises two independent grounds that it claims each support a full stay. First, it contends that a stay is warranted under the fugitive disentitlement doctrine. Second, it argues that the Court should exercise its inherent authority to "defer[] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). Regardless of whether the fugitive disentitlement doctrine supports a stay in this case, the Court finds that a full stay should be granted in the interests of justice. When evaluating whether to grant such a stay, courts in this circuit consider:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012) (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139

2

(S.D.N.Y. 1995) (Chin, J.)). The above factors, while important, "can do no more than act as a rough guide for the district court as it exercises its discretion." *Id.* After taking into account all relevant considerations, the Court finds that a full stay is justified.

### A. Overlap Between Parallel Proceedings

"The overlap of the issues in the criminal and civil cases" is "a particularly significant factor." *SEC v. Shkreli*, Case No. 15-cv-7175, 2016 U.S. Dist. LEXIS 36734, at *11 (E.D.N.Y. March 22, 2016). Here, the parties do not dispute that the allegations in the criminal case completely subsume those in the civil case. *See* Memorandum of Law in Opposition, Dkt. No. 38, at 11 (conceding that the "allegations" are "overlapping"). The Amended Civil Complaint alleges that Naqvi defrauded two investment funds that he advised. *See* Amended Complaint, Dkt. No. 30, at 1. The same alleged conduct also forms part of the basis of the superseding criminal indictment. *See, e.g.*, S6 Superseding Indictment, Dkt. No., 31-1 at 16-25. That the indictment also includes many other allegations of criminal conduct does not matter. This factor strongly weighs in favor of a stay.

### B. Status of the Case

Courts in this district have held that "stays will generally not be granted before an indictment is issued." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139. The return of an indictment reduces the prejudice of a stay to an opposing party, because it means that the criminal process is underway and that the delay of the civil matter will not be prolonged. *See id.* In this case, an indictment has already been filed, supporting a stay. *See In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has

ripened into an indictment."). And because Naqvi opposes extradition, he will only have himself to blame if resolution of his criminal case is deferred.

**C. The Plaintiff's Interest**

As "[t]he SEC has taken no position on the Government's request . . . the Court thus need not consider its interests." *SEC v. Blaszczak*, Case No. 17-cv-3919, 2018 U.S. Dist. LEXIS 2289, at *6 (S.D.N.Y. Jan. 3, 2018).

**D. The Defendant's Interest**

Naqvi principally argues that a stay prejudices him by preventing him from expeditiously clearing his name. But this prejudice flows from the pending criminal charges as well. The delay in resolution is attributable to Naqvi's contesting extradition. Naqvi also raises concerns that memories may fade and other evidence might be lost if he is unable to promptly begin discovery. However, "the parallel criminal proceedings here actually mitigate this concern." *SEC v. Tuzman*, 15-cv-7057, 2016 U.S. Dist. LEXIS 193710, at *10 (S.D.N.Y. Mar. 1, 2016). "For example, witnesses' statements are likely preserved in interview notes" as well as in "trial testimony," assuming that Naqvi's attempt to contest extradition fails. *Id.* Overall, the prejudice to Naqvi from a stay would be minimal.

Additionally, Naqvi could potentially benefit from a stay. If discovery proceeds immediately he might be forced to invoke his right against self-incrimination in a deposition—something that could be used to impeach his testimony in this action. Recognizing this possibility, Naqvi suggests that his deposition may need to be stayed until after the criminal case is concluded. However, if the Court were to adopt this course, then resolution of this case would be delayed regardless of whether the Court grants a full stay.

**E. The Interest of the Courts**

4

The Court finds that judicial efficiency would be promoted by a stay, because of the factual overlap discussed above. As many courts in similar circumstances have noted, "[t]he Criminal Case will resolve issues of fact common to the civil case and may reduce the number of issues to be decided in subsequent proceedings in this case." *Blaszczak*, 2018 U.S. Dist. LEXIS 2289, at *10; *see, e.g., Shkreli*, 2016 U.S. Dist. LEXIS 36734, at *18 ("A stay of the civil action while the criminal case moves forward 'would avoid a duplication of efforts and a waste of judicial time and resources.'") (quoting *SEC v. Gordon*, No. 09-cv-61, 2009 U.S. Dist. LEXIS 66427, at *14 (N.D. Okla. July 28, 2009)); *SEC v. One or More Unknown Purchasers of Secs. of Global Indus.*, Case No. 11-cv-6500, 2012 U.S. Dist. LEXIS 162772, at *12 (S.D.N.Y. Nov. 9, 2012) ("the Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome"). Since the criminal case could potentially streamline the civil case, this factor supports a stay.

**F. The Public Interest**

The Government argues that allowing civil discovery to proceed would subvert the restrictions placed on the discovery available to criminal defendants. It is, of course, "in the public interest 'to prevent circumvention of the limitations on discovery in . . . criminal proceedings.'" *Blaszczak*, 2018 U.S. Dist. LEXIS 2289, at *11 (alteration in original) (quoting *SEC v. Treadway*, 04-cv-3464, 2005 U.S. Dist. LEXIS 4951, at *11 (S.D.N.Y. Mar. 30, 2005)). As this Court has noted ,"allowing the Defendants to receive the SEC's investigation file prior to the criminal trial would potentially grant the Defendants access to information not normally discoverable in criminal cases under 18 U.S.C. § 3500 with which they could tailor their defenses at trial and raises the possibility that a Defendant may seek to intimidate Government witnesses." *Id.* at *12. Moreover, a specific showing that a defendant is likely to engage in

5

misconduct "is not necessary to conclude that the public's interest in witness security and integrity favors a stay." *Id.* A stay is therefore "often necessary where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, a potential criminal prosecution which parallels the subject matter of the civil action." *SEC v. Downe*, Case No. 92-cv-4092, 1993 U.S. Dist. LEXIS 753, at *46 (S.D.N.Y. Jan. 26, 1993).

Naqvi claims to have already learned the identity of all of the Government's witnesses because of the lengthy indictment and Complaint filed in the criminal and civil actions, respectively. However, Naqvi cannot actually demonstrate that he knows this information. And requiring the Government to prove otherwise would give Naqvi the very knowledge that the criminal discovery rules seek to deny him. This dynamic illustrates why a full stay is appropriate in this case. Forcing the Government to litigate the scope of a partial stay of discovery could in effect itself circumvent the criminal discovery rules. *See SEC v. Wey*, Case No. 15-cv-7116, Dkt. No. 104, at 22-24 (S.D.N.Y. June 8, 2016).

## IV. CONCLUSION

For the foregoing reasons, the Government's motion is GRANTED. This action is stayed pending resolution of *United States v. Arif Naqvi*, 19-cr-233 (LAK). Within two weeks of the conclusion of that criminal proceeding, the parties shall jointly provide a status update to this Court.

This resolves Dkt. No. 31.

SO ORDERED.

Dated: December 3, 2019
New York, New York

ALISON J. NATHAN
United States District Judge

6