UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        **Plaintiff,**<br><br>    v.<br><br>ABRAAJ INVESTMENT MANAGEMENT LIMITED, and ARIF NAQVI,<br><br>        **Defendants.** | No. 19-cv-3244-AJN |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DECHERT LLP'S MOTION TO WITHDRAW AS COUNSEL**

Dechert LLP respectfully moves this Court, pursuant to Local Civil Rule 1.4, for an order granting permission for Dechert LLP, including Andrew J. Levander, Hector Gonzalez, Matthew L. Mazur, and Mariel R. Bronen, to withdraw as counsel to Defendant Arif Naqvi. The reasons for this request are set forth in the Declaration of Matthew L. Mazur ("Declaration"), which Dechert respectfully requests be filed *ex parte* and under seal in order to avoid disclosure of confidential information and potential prejudice to Mr. Naqvi.

## ARGUMENT

Local Civil Rule 1.4 states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In order to determine whether to grant permission to withdraw, "District Courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the prosecution of the suit." *Police Officers For A Proper Promotional Process v. Port Auth. of N.Y. & N.J.*, No. 11-cv-7478, 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012).

**A. Dechert Has Satisfactory Reasons To Withdraw**

In order to avoid disclosure of confidential information and potential prejudice to Mr. Naqvi, Dechert is requesting permission to file the Declaration of Matthew L. Mazur, dated December 28, 2020, which sets forth the reasons for withdrawal, *ex parte* and under seal, with a copy to be served on Mr. Naqvi. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts.").

Mr. Naqvi consents to Dechert LLP's withdrawal, which also militates in favor of granting the motion. *Chase Bank USA, N.A. v. Allegro Law, LLC*, No. 08-cv-4039, 2011 WL 13302729, at *1 (E.D.N.Y. June 23, 2011) ("[client]'s informed consent militates in favor of permitting [the law firm] to withdraw") (citing Disciplinary Rule 1.16(c)(10), N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (2009) ("[A] lawyer may withdraw from representing a client when . . . the client knowingly and freely assents to termination of the employment.")).

**B. Withdrawing At This Stage Would Not Unduly Disrupt The Litigation**

When a case is "not on the verge of being tried" and withdrawal "will not in and of itself unnecessarily delay the proceedings," counsel should be permitted to withdraw. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-cv-6469, 2011 WL 672245, at *2-3 (S.D.N.Y. Feb. 17, 2011). In particular, where discovery has not yet commenced and a case is not "on the verge

of trial readiness," withdrawal of counsel is unlikely to cause either prejudice to the client or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw. *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-cv-7424, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (quoting *Blue Angel Films*, 2011 WL 672245, at *2).

The case is most certainly not "on the verge of trial." *Id.* Indeed, no discovery has taken place and the action has been stayed pending the resolution of *United States v. Arif Naqvi*, 19-cr-233 (LAK). As such, permitting Dechert to withdraw as counsel will not disrupt the proceedings to the point where a denial of Dechert's application would be warranted. *See C.D.S. Inc. v. Zetler*, No. 16-cv-3199, 2017 WL 1103004, at *5 (S.D.N.Y. Mar. 23, 2017) (granting motion to withdraw as counsel where "the discovery period ha[d] almost concluded, [but] no schedule for any pretrial motion practice or a trial date ha[d] yet been set."). Accordingly, this Court should grant Dechert's motion to withdraw.

## CONCLUSION

For the foregoing reasons, including the matters set forth in the Declaration, Dechert LLP respectfully requests that this Court grant Dechert's Motion to Withdraw as Counsel for Defendant Arif Naqvi.

Dated:     December 28, 2020             Respectfully submitted,

                                          DECHERT LLP
                                          1095 Avenue of the Americas
                                          New York, NY  10036
                                          (212) 698-3500


                                          /s/ Matthew L. Mazur
                                          Andrew J. Levander
                                          Hector Gonzalez
                                          Matthew L. Mazur
                                          Mariel R. Bronen

andrew.levander@dechert.com
hector.gonzalez@dechert.com
matthew.mazur@dechert.com
mariel.bronen@dechert.com

*Attorneys for Defendant Arif Naqvi*